UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 12-10077-PBS |
| ) | |
| ) | |
| GERALD CATHIE, ) | |
| Defendant. ) | |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

**SARIS, C.D.J.**

WHEREAS, on February 3, 2012, the United States Attorney for the Eastern District of Pennsylvania filed a four-count Information (the "Information") charging defendant Gerald Cathie (the "Defendant"), with Conspiracy, in violation of 18 U.S.C. § 371 (Count One); Bank Fraud, in violation of 18 U.S.C. § 1344 (Count Two); Bribery of a Bank Employee, in violation of 18 U.S.C. § 215(a)(1) (Count Three); and Failure to File Tax Returns, in violation of 26 U.S.C. § 7203 (Count Four);

WHEREAS, the Information also contained a forfeiture allegation which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One and Two of the Information, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to traceable to the commission of such offense pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

1

value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on or about March 6, 2012, the Defendant executed a Consent to Transfer of Case for Plea and Sentencing in which he consented to the transfer and disposition of the Eastern District of Pennsylvania case to the District of Massachusetts, and further stated that he wished to plead guilty to the charges in the Information in the District of Massachusetts;

WHEREAS, the action was subsequently transferred to the District of Massachusetts and assigned Criminal Number 12-10077-PBS;

WHEREAS, on March 29, 2012, at a hearing in the District of Massachusetts pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a written plea agreement, signed by the Defendant on January 13, 2012;

WHEREAS, in Section 12 of the plea agreement, the Defendant agreed to forfeit to the United States $2,910,861.95 in United States currency on the grounds that such amount represents the proceeds traceable to or obtained as a result of the conspiracy and bank fraud violations charged in the Information;

WHEREAS, based on the Defendant's admissions in his written plea agreement and his guilty plea on March 29, 2012, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $2,910,861.95 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the $2,910,861.95 in United States currency represents the proceeds that the Defendant obtained as a result of Counts One and Two of the Information;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $2,910,861.95 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $2,910,861.95 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.  Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
PATTI B. SARIS
Chief United States District Judge

Dated: 7/17/13